ROSA E. GERSTLEY, RESPONDENT, v. DAVID H. BEST AND HARRY BEST, APPELLANTS.

Decided August 20, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the appellant, *Babcock & Champion.*

For the respondent, *Cassman & Gottlieb.*

PER CURIAM.

This is an appeal from a judgment entered by confession against the defendants on a bond and warrant of attorney; the payment of the bond being secured by a mortgage.

The first ground upon which we are asked to reverse the judgment is based upon the assertion that the plaintiff failed to file in the office of the county clerk an intention to enter judgment until after the judgment itself was entered; and the contention is that such entry was in violation of section 51 of the statute concerning proceedings on bond and mortgages given for the same indebtedness (*Comp. Stat., p.* 3423), which declares that where a mortgage is

given for the same debt, no judgment shall be entered upon the bond by confession unless, prior to the entry of the judgment, there be filed in the clerk's office a written notice of the proposed entry. This ground of reversal would be well taken if it was true that the judgment was entered before the notice was filed. An examination of the record, however, shows that such was not the fact. The notice provided by the statute was filed on the 24th of June, 1929; the judgment was entered on the following day, that is, on June 25th. This being the situation, the contention of the defendants upon this point falls.

The next ground upon which we are asked to reverse the judgment is that the notice of intention was not that provided by the statute because it merely stated that it was intended to commence an action on the bond on which judgment was entered, whereas the proceeding for the entry of the judgment was taken and judgment was entered by confession. It may be conceded that the notice was not skillfully drawn. We think, however, that it was sufficient in view of the fact that it contained the following recital in its beginning: "Notice of the proposed entry of judgment by confession on bond and warrant where mortgage has been foreclosed and a deficiency has arisen." This is a correct recital of the situation as disclosed by the record; namely, that the bond had been secured by a mortgage; that the mortgage has been foreclosed; that a deficiency had arisen at the foreclosure sale; and that the holder of the bond and mortgage proposed to enter a judgment by confession on the bond. The notice, by containing the information required by the statute, accomplished the purpose intended by the legislature in its enactment. This being so, we consider the ground of reversal last discussed must fail.

It is next contended that the record of the judgment does not show that it was entered within six months of the sale of the premises under the foreclosure. There is nothing, however, in the statute which requires the judgment to contain such a recital, and this being so, we conclude that this contention also is without merit.

The only other ground upon which the judgment is attacked is that the affidavit upon which it was entered was not sworn to before an officer authorized by the statute to take affidavits for the entry of judgment by confession on bond and warrant of attorney. This contention, we think, is based upon a misapprehension of the law. The affidavit was made by the plaintiff in the city of Philadelphia, in the State of Pennsylvania, before one Martha Quinn, a foreign commissioner of deeds for New Jeresy appointed to perform the duties of such commissioner in the State of Pennsylvania. The fifth section of the act, entitled "An act relative to oaths and affidavits" (*Comp. Stat., p. 3774*), provides that any oath, affirmation or affidavit required or authorized to be taken in any suit or legal proceeding in this state, when taken out of the state, may be taken before any notary public of the state, territory, nation or country in which the same shall be taken, or before any officer who may be authorized by the laws or this state to take the acknowledgment of deeds in such state, territory, nation or country, and a recital that he is such notary or officer in the jurat or certificate of such oath, affirmation or affidavit, and his official designation annexed to his signature and attested under his official seal, shall be sufficient proof that the person before whom the same is taken is such notary or officer. At the foot of the affidavit in the present case appears the following: "Sworn and subscribed before me this 17th day of June, 1929. Martha H. Quinn, a foreign commissioner of deeds for New Jersey in Pennsylvania." The commissioner's seal is attached to this certificate. In view of the provision of the statute just referred to, we conclude that the affidavit was sworn to before an officer authorized by the statute to take affidavits for the entry of judgments by confession on bond and warrant of attorney, and was properly attested.

These are the only questions argued that have sufficient merit to entitle them to discussion. The judgment under review will be affirmed.