NORTH HUDSON BOND AND MORTGAGE COMPANY, PLAINTIFF-RESPONDENT, v. LIBERATO LUBERTO ET AL., DEFENDANTS-APPELLANTS.

Submitted October 31, 1930—Decided June 9, 1931.

Before Justices CASE, DALY and DONGES.

For the appellants, *Frank I. A. Kent.*

For the respondent, *Klein & Klein.*

PER CURIAM.

This is an appeal from the Bergen Circuit Court and brings up a judgment entered by order of the Circuit judge after defendants' answer was stricken out.

Plaintiff-respondent foreclosed a mortgage made by the appellants, and upon sale of the premises a deficiency arose. Thereafter, and within six months of the sale, a notice was filed in the register of deeds office of Bergen county that suit would be commenced in the New Jersey Supreme Court to recover a judgment for the deficiency. Appellants being non-residents, the suit was brought by attachment and proceeded to judgment, whereupon certain other property, which was attached, was sold to satisfy the judgment, and plaintiff purchased same. This action in ejectment was brought to secure possession of said properties. The appellants' answer set up that the judgment for the deficiency was invalid because the notice of intention to begin the suit was not in compliance with the statute, because it did not state "the names of the parties to such bond and to such action."

If the court in which the judgment was entered had jurisdiction over the parties and the subject-matter and there was no fraud in procuring the judgment, it is well settled that a judgment of a court of general jurisdiction cannot be collaterally impeached. *McMahon* v. *Amoroso,* 108 *N. J. Eq.* 263.

In the instant case the only objection raised is that the notice of the purpose to bring suit for the deficiency did not give the names of the parties to the bond and to the action. But this is not so. The notice was entitled at the suit of the present plaintiff as plaintiff therein and recited the appellants as defendants therein, and advised that suit was about to be begun in the Supreme Court. The notice further stated that the purpose of the suit was to recover "a sum of money representing a deficiency arising on foreclosure of a mortgage executed by Rosei Luberto, also known as Rosine Luberto and Liberato Luberto, to William A. Brooks, trustee, bearing date November 5th, 1926, * * * and which mortgage and the accompanying bond were assigned," &c., to plaintiff.

The statute requires "a written notice of the proposed judgment or action setting forth the court in which it is proposed to enter such judgment or bring such action, the names of the parties to such bond and to such judgment or action, the book and page of the record of the said mortgage, together with a description of the lands or real estate described therein."

The notice states who executed the mortgage and states that the mortgage and accompanying bond were assigned to plaintiff. This, it seems to us, is sufficient to comply with the requirements of the statute. There was notice of the parties to be sued for a deficiency, and notice of the persons who executed the mortgage and accompanying bond, and notice of all of the other matters required by statute. *Gerstley* v. *Best,* 151 *Atl. Rep.* 395.

This being the only ground of attack, and there being no merit in it, the judgment under review will be affirmed.